**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MATTHEW RITTER, ) | 2:09-CV-00111-PMP-PAL |
| Plaintiffs, ) | |
| vs. ) | **<u>ORDER</u>** |
| CORPORAL MATT ALEXANDER, DEPUTY COLBY, LIEUTENANT CARL COX, DEPUTY HAWKINS, LIEUTENANT KOLSH, CORPORAL SONGER, DEPUTY NEFF, DEPUTY MARY, DEPUTY PHILL RATLIFF, DOCTOR RICK ALMAGUER, HEAD SHERIFF DALE LOTSPEICH ) | |
| Defendants. ) | |

This action concerns allegations by Plaintiff Matthew Ritter regarding the conditions of his confinement in the Elko County Jail during periods of detention in 2007 and 2008. Ritter's Amended Complaint (Doc. #21) sets forth eleven causes of action relating to the alleged denial of medical attention for Ritter's injured left index finger (Count One); Ritter's dispute with Elko County Jail staff regarding medical attention for an alleged infection under his left armpit (Count Two); Ritter's complaint regarding Defendants' treatment of the same left armpit infection in June 2007(Count Three); Ritter's allegation that he was placed into an isolation cell after receiving medical treatment (Count Four); Ritter's allegations regarding Defendants' treatment of his left armpit infection in late June and early July (Count Five); Ritter's allegations regarding his placement into isolated confinement during late

June and early July 2007 (Count Six); Ritter's allegations concerning Defendants' treatment of his left armpit infection in July 2007 (Count Seven); Ritter's allegations concerning his placement into isolated confinement and denied visitation (Count Eight); Ritter's allegations concerning a shoulder injury and related treatment (Count Nine); Ritter's allegations that an overflowing shower drain caused him to slip and fall, and injure his shoulder (Count Ten) and Ritter's additional allegations of isolated confinement and denial of visitations (Count Eleven).

Before the Court for consideration are Cross Motions for Summary Judgment brought by Plaintiff Matthew Ritter (Doc. #105), filed on February 22, 2010, and on behalf of all Defendants (Doc. #106) filed February 24, 2010.

Having read and considered the extensive briefing and exhibits submitted by the parties regarding the cross motions for summary judgment, the Court finds that Plaintiff Ritter has failed to show genuine material issues of fact exist regarding his eleven claims for relief against Defendants herein.  In particular the Court finds that Ritter has failed to identify evidence giving rise to a genuine issue of fact concerning deliberate indifference on the part of Defendants with regard to Plaintiff Ritter's medical needs, and with respect to his claims of  denial of constitutional rights with respect to his placement in isolation and denial of visitation.  Therefore, the Court finds that Defendants' are entitled to judgment as a matter of law in accord with the provision of Rule 56 of the Federal Rules of Civil Procedure.

Additionally, the Court finds that as a result of Ritter's failure to show a genuine issue of material fact regarding Defendants' violation of a clearly established constitutional right, each of the Defendants herein is entitled to qualified immunity in their official capacities.

///
///

**IT IS THEREFORE ORDERED that** Plaintiff Matthew Ritter's Motion for Summary Judgment (Doc. #105) is **DENIED.**

**IT IS FURTHER ORDERED that** Defendants' Motion for Summary Judgment (Doc. #106) is **GRANTED** and that the Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff Ritter.

DATED:  April 20, 2010.

_____
PHILIP M. PRO
United States District Judge